■ JANE GAVIN, Appellant, v MARTIN CATRON, Respondent. [824 NYS2d 733]—

In a matrimonial action in which the parties were divorced by judgment entered July 17, 2001, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Nassau County (Spinola, J.), dated June 29, 2005, as granted those branches of the defendant's motion which were for reimbursement of maintenance payments and recalculation of pro rata obligations pursuant to a stipulation of settlement, recalculated the defendant's child care obligation, and denied her cross motion for the imposition of sanctions against the defendant, and (2) an order of the same court dated September 7, 2005, as granted that branch of the defendant's earlier motion which was for apportionment of the costs of visitation with the parties' children.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Contrary to the plaintiff's contention, the defendant was not required to institute a plenary action in order to obtain the relief requested, as he was seeking to enforce, rather than to modify, the terms of their stipulation of settlement, which was incorporated but not merged in the judgment of divorce (*see Luisi v Luisi*, 6 AD3d 398 [2004]).

The plaintiff's collateral estoppel argument is not properly before this Court, as she raises it for the first time on appeal (*see Travelers Ins. Co. v Providence Washington Ins. Group*, 142 AD2d 968 [1988]; *David Sanders, P. C. v Sanders, Architects*, 140 AD2d 787 [1988]). In any event, this contention is without merit, as there is no evidence that the issues raised on appeal were necessarily decided or could have been decided in a prior action and are decisive of the defendant's motion (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.