■  JOHN J. RAWLINGS, Respondent, v CATHERINE L. RAWLINGS, Appellant. [857 NYS2d 186]—

In a matrimonial action in which the parties were divorced by judgment entered December 13, 2001, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated March 14, 2007, as denied those branches of her motion which were to enforce a provision in the parties' stipulation of settlement, which was incorporated but not merged in the judgment of divorce, requiring that the plaintiff transfer a certain individual retirement account to her within 30 days of the execution of the stipulation, and for an award of an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's motion which were to enforce the individual retirement account transfer provision in the stipulation of settlement and for an award of an attorney's fee are granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the value, if any, of the subject individual retirement account at the time the plaintiff was obligated to transfer it, and to determine the amount of the defendant's reasonable attorney's fee, and for the entry of a money judgment accordingly.

During the pendency of their divorce action, the plaintiff husband and the defendant wife executed a stipulation of settlement on August 3, 2001 settling all issues in the case. With respect to equitable distribution, the stipulation provided, inter alia, that the plaintiff possessed a First Trust IRA account with a stated value of $75,000, but that the assets held therein were subject to change and were expected to be revalued to approximately $45,000 to $50,000. The stipulation further provided that the plaintiff was obligated to transfer the account to the wife "[w]ithin 30 days of the execution of this agreement."

The parties' stipulation of settlement was incorporated but not merged in their subsequent judgment of divorce, entered December 13, 2001, which expressly directed them to comply with its terms. However, notwithstanding repeated requests by the wife and her counsel, the plaintiff failed to transfer the subject account. Indeed, he did not tender it to her until several years following the execution of the stipulation, by which time it had become worthless. The defendant subsequently moved, inter alia, to enforce the IRA transfer provision, to recover the reduction in value of the account between the time it should have been transferred by the plaintiff and the time it actually was transferred, and for an award of an attorney's fee. The Supreme Court denied those branches of the defendant's motion. We reverse.

Contrary to the plaintiff's contention, the defendant properly moved to enforce the provision of the stipulation requiring the transfer of the subject account (*see Luisi v Luisi,* 6 AD3d 398, 400 [2004]; *see e.g. Driscoll v Driscoll,* 45 AD3d 723 [2007]; *Kendall v Kendall,* 44 AD3d 827 [2007]; *Zelenz v Zelenz,* 43 AD3d 1157 [2007]). Moreover, since the parties agree that the account is now worthless, she is also entitled to recover the reduction in value, if any, of the account since the time the plaintiff originally was required to transfer it to her (*see generally Lang v Lang,* 20 AD3d 396 [2005]; *Gomes v Gomes,* 303 AD2d 454 [2003]). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing to determine the value of the account at that time.

Furthermore, the stipulation expressly provided that in the event either party defaulted in complying with its terms, the defaulting party would be required to reimburse the non-defaulting party for an attorney's fee incurred in enforcing the terms of the stipulation. Accordingly, upon remittitur, the defendant is entitled to an award of a reasonable attorney's fee under the circumstances (*see Mirkin v Mirkin,* 43 AD3d 1115 [2007]; *Girardin v Girardin,* 281 AD2d 457 [2001]). Mastro, J.P., Santucci, Eng and Belen, JJ., concur.