R & L REALTY ASSOCIATES, Respondent, v 205 WEST 103 OWNERS CORP., Appellant. [950 NYS2d 22]—

Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered June 16, 2011, which, in this CPLR article 78 proceeding to compel respondent 205 West 103 Owners Corp. to perform ministerial duties, granted the petition to the extent of ordering respondent to prepare, execute and deliver at the real estate closing for the bulk sale of the subject apartments: (1) new executed and sealed stock certificates and proprietary leases for each of the subject apartments being sold; (2) a letter from respondent stating that petitioner has fully paid its maintenance and all other charges due for the apartments through the date of the closing, with certain specified funds to be held in escrow; (3) a UCC-3 termination statement terminating the UCC-1 financing statement that respondent filed against apartment 6A; and (4) such other documents as may be reasonably required in connection with petitioner's sale of the apartments; and ordering and adjudging that petitioner may inspect respondent's books and records, unanimously affirmed, without costs.

Petitioner owns 25 apartments in the subject building and in a related proceeding was previously ordered by the court to sell them in a bulk sale. Since petitioner has a clear legal right to sell the apartments, the court properly directed respondent to engage in the ministerial act of issuing stock certificates and

removing other obstacles to the sale (CPLR 7803 [1]; *Matter of Guzman v 188-190 HDFC*, 37 AD3d 295, 296-297 [2007], *lv denied* 9 NY3d 801 [2007]).

Respondent's refusal to cooperate in the sale of the apartments, and its obstruction of the sale, are not protected by the business judgment rule, which does not apply when a coop board acts outside the scope of its authority or violates its own governing documents (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003]; *Wirth v Chambers-Greenwich Tenants Corp.*, 87 AD3d 470, 472 [2011]). Pursuant to the proprietary lease, respondent does not have the right to object to petitioner's sale of either unsold shares or any other shares. Further, of particular significance is the fact that in the related proceedings it was specifically determined that petitioner had the right to sell the apartments in a bulk sale and the court directed it to do so.

Contrary to respondent's contention, it was not necessary to conduct an evidentiary hearing as none of the factual issues raised were material to the issue of the bulk sale (CPLR 7804 [h]).

Respondent never argued that the sale of the 25 apartments was not a bulk sale and the argument may not be considered for the first time on appeal (*see Gavin v Catron*, 35 AD3d 354 [2006]). In any event, the argument lacks merit.

We have considered respondent's additional arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Sweeny, Manzanet-Daniels and Román, JJ.