Cohen v Cohen (2020 NY Slip Op 05486)





Cohen v Cohen


2020 NY Slip Op 05486


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-15045
 (Index No. 23398/13)

[*1]Sara Cohen, appellant,
v
Nathan Cohen, respondent.


Sager Gellerman Eisner LLP, Forest Hills, NY (Alyssa Eisner and Esther Chyzyk Bernheim of counsel), for appellant.
Joseph & Smargiassi, New York, NY (John Smargiassi of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated April 2, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's cross motion which was to revisit the issue of equitable distribution in the event that the court granted the defendant's motion to modify the child support provision of the parties' stipulation of settlement dated September 9, 2016.
ORDERED that order is affirmed insofar as appealed from, with costs.
The parties herein were married in 1999 and have three children. In December 2013, the plaintiff commenced this action for a divorce and ancillary relief. By so-ordered stipulation dated September 8, 2016, the parties, each represented by counsel, agreed that the defendant would have sole legal and residential custody of the children and that the plaintiff would have parenting time with them. On September 9, 2016, the parties, each represented by counsel, executed a stipulation of settlement to resolve issues of child support, maintenance, equitable distribution, and counsel fees, and claims for arrears. As is relevant to this appeal, the plaintiff waived maintenance, the defendant waived child support, and the parties agreed to sell the marital residence and to divide the proceeds equally, with the defendant using the sum of $80,000 of his share to pay the plaintiff's counsel fees, and to an equal division of the defendant's Fidelity 401K by a Qualified Domestic Relations Order. After the stipulation was placed on the record in open court, the Supreme Court inquired as to whether the child support provision complied with the Child Support Standards Act (hereinafter the CSSA), and the plaintiff's counsel acknowledged that it did not. The defendant's counsel requested more time to specify the terms of the child support waiver in a more formal stipulation, and the court granted the request. No formal written stipulation, proposed findings of fact, or divorce judgment was ever submitted to the court.
In February 2018, the defendant moved, inter alia, to modify the child support provision of the stipulation, and the plaintiff cross-moved to revisit the issues of maintenance and equitable distribution should the court grant the defendant's motion. The Supreme Court denied the defendant's motion to modify the child support provision upon finding that it was invalid because [*2]it did not contain the language required to opt-out of the standards for child support as set forth in Domestic Relations Law § 240(1-b)(h). The court therefore set aside the child support provision as well as the maintenance provision, which the court found to be "closely intertwined with the child support provision." The court also denied that branch of the plaintiff's cross motion which was to revisit the issue of equitable distribution in the event that the court granted the defendant's motion to modify the child support provision.
A stipulation of settlement entered into by the parties to a divorce action constitutes a contract between them subject to the principles of contract interpretation (see Matter of Miller v Fitzpatrick, 147 AD3d 845; Ayers v Ayers, 92 AD3d 623; De Luca v De Luca, 300 AD2d 342). Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (see Slatt v Slatt, 64 NY2d 966; Ayers v Ayers, 92 AD3d 623). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (Cohen-Davidson v Davidson, 291 AD2d 474, 475; see Matter of Scalabrini v Scalabrini, 242 AD2d 725). In making the determination, the court should examine the entire contract and consider the relation of the parties and the circumstances under which the contract was executed (see Clark v Clark, 33 AD3d 836, 837-838). Applying these principles here, we agree with the Supreme Court's determination to deny that branch of the plaintiff's cross motion which was to revisit the issue of equitable distribution in the event that the court granted the defendant's motion to modify the child support provision. The record does not support a finding that the equitable distribution provisions were intertwined with the child support provision so as to require that it be set aside with the child support provision (see Baranek v Baranek, 54 AD3d 789; Warnecke v Warnecke, 12 AD3d 502).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court