Berlin v Berlin (2021 NY Slip Op 08218)





Berlin v Berlin


2021 NY Slip Op 08218


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-01923
 (Index No. 12295/10)

[*1]Leonard A. Berlin, appellant,
v
Jane D. Berlin, respondent.


Curtis R. Exum, Hauppauge, NY, for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP (Glenn S. Koopersmith, Garden City, NY, of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered August 27, 2013, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated January 8, 2018. The order, insofar as appealed from, upon granting that branch of the plaintiff's cross motion which was to hold the defendant in contempt for failing to transfer to the plaintiff the sum of $602,750 from accounts in the defendant's name in accordance with the parties' stipulation of settlement to the extent of directing the defendant to transfer $602,750 from her accounts to the plaintiff within 30 days, directed that those accounts could include certain annuities.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married on September 11, 1983. There are two emancipated children of the marriage. The parties resolved their action for a divorce and ancillary relief by entering into a stipulation of settlement, dated June 18, 2013, which provided, inter alia, for the equitable distribution of marital assets. The stipulation was incorporated, but not merged, into the judgment of divorce, entered on August 27, 2013.
In May 2017, the defendant moved, inter alia, to hold the plaintiff in contempt for failing to (1) effectuate the distribution of his retirement accounts in accordance with the terms of the stipulation of settlement, (2) permit the defendant to access the former marital residence in accordance with the terms of the stipulation of settlement, and (3) transfer to the defendant the sum of $218,500 as her distributive share of the former marital residence. The plaintiff opposed the motion, and cross-moved, among other things, to hold the defendant in contempt for failing to transfer to the plaintiff (1) her interest in the former marital residence, and (2) the sum of $602,750 from accounts in her name in accordance with the terms of the stipulation of settlement.
In an order dated January 8, 2018, the Supreme Court directed the defendant to transfer to the plaintiff the sum of $602,750 within 30 days, and referred the remaining branches of the motion and cross motion for a hearing. The court determined that, pursuant to the clear and unambiguous language of the parties' stipulation of settlement, the defendant could use certain annuities to satisfy her obligation to transfer the sum of $602,750 to the plaintiff. The plaintiff [*2]appeals, arguing that the court erred in allowing the defendant to use the subject annuities to satisfy her payment obligation because the resulting tax liability will be imposed solely upon him.
A stipulation of settlement entered into by the parties to a divorce action constitutes a contract between them subject to the principles of contract interpretation (see Matter of Miller v Fitzpatrick, 147 AD3d 845, 846-847; Ayers v Ayers, 92 AD3d 623, 624). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Cohen v Cohen, 187 AD3d 707, 709). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (Cohen-Davidson v Davidson, 291 AD2d 474, 475; see Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726). "In making the determination, the court should examine the entire contract and consider the relation of the parties and the circumstances under which the contract was executed" (Cohen v Cohen, 187 AD3d at 709). Applying these principles here, the Supreme Court properly determined that the defendant could use certain annuities to satisfy her obligation to transfer to the plaintiff the sum of $602,750 (see Cohen v Cohen, 187 AD3d 707; Toscano v Toscano, 153 AD3d 1440, 1442). The stipulation of settlement demonstrates that the parties anticipated the tax consequences of the transfers, and the plaintiff's claim that he will sustain the entire tax burden of the transfers is speculative.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court