Matthews v Roe (2021 NY Slip Op 02382)





Matthews v Roe


2021 NY Slip Op 02382


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-00271
 (Index No. 4055/08)

[*1]Marcelle Matthews, respondent,
v
Duane Bruce Roe, Jr., appellant.


Stenger, Roberts, Davis & Diamond, LLP, Wappinger Falls, NY (Andrea L. Gellen of counsel), for appellant.
Strauss & Kallus PLLC, Goshen, NY (Barbara J. Strauss of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated January 3, 2012, the defendant appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated October 24, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to enforce certain provisions of a stipulation of settlement dated October 12, 2010, which was incorporated but not merged into the judgment of divorce, and for an award of attorneys' fees, and awarded the plaintiff attorneys' fees in the sum of $2,500.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties, who have one child together, were divorced by judgment dated January 3, 2012. The judgment incorporated, but did not merge, a stipulation of settlement dated October 12, 2010. In 2018, the plaintiff moved, inter alia, to enforce certain provisions of the stipulation of settlement and for an award of attorneys' fees in accordance with the stipulation. By order dated October 24, 2018, the Supreme Court, among other things, granted those branches of the motion which were to enforce the stipulation of settlement and awarded the plaintiff attorneys' fees in the sum of $2,500. The defendant appeals.
A stipulation of settlement entered into by the parties to a matrimonial action constitutes a contract subject to the principles of contract interpretation (see Cohen v Cohen, 187 AD3d 707, 709). Where the intention of the parties is clearly and unambiguously set forth in their contract, "effect must be given to the intent as indicated by the language used" (Slatt v Slatt, 64 NY2d 966, 967; see Cohen v Cohen, 187 AD3d at 709).
Here, the stipulation of settlement required that, in the event the plaintiff did not have health insurance coverage through an employer-provided insurance plan "at no charge to her," the defendant was to provide the plaintiff with such coverage, equivalent to her prior employer-provided insurance plan, until she was eligible for Medicare. Contrary to the defendant's contention, he did not demonstrate that the plaintiff was eligible for Medicare so as to terminate his obligation to provide her with health insurance (see 42 USC 1395o). Accordingly, the Supreme Court properly directed the defendant to provide the plaintiff with coverage equivalent to her prior employer-provided insurance plan, and to reimburse the plaintiff for health insurance premiums she paid after entry of the judgment of divorce.
The Supreme Court also properly directed the defendant to reimburse the plaintiff for costs she incurred in having work performed on certain real property located in Westbrookville. The plaintiff demonstrated that all of the costs she incurred were for repair and maintenance of the property, which was the defendant's obligation under the stipulation of settlement.
The Supreme Court also properly awarded the plaintiff child support arrears. The plaintiff demonstrated that the defendant made his last weekly child support payment one week and one day before the child's emancipation. The plaintiff also demonstrated that the defendant failed to pay certain expenses related to the child's undergraduate education in accordance with the stipulation of settlement. Although the defendant is correct that the plaintiff improperly double-counted certain undergraduate expenses and improperly included certain expenses for the child's graduate education and professional licensure in her demand, the court, in the order appealed from, agreed that the plaintiff was not entitled to reimbursement for those expenses.
The defendant agreed, in the stipulation of settlement, that "at any time upon request" he would execute "whatever instruments or documents or letters of authorizations which may be required to enable the [plaintiff] to document that the [defendant] has complied" with his obligation to maintain certain life insurance in favor of the parties' child. As the plaintiff demonstrated that the defendant cancelled a prior authorization and thereafter refused the plaintiff's requests to provide a new one, the Supreme Court properly enforced the foregoing provision of the stipulation by requiring the defendant to execute the requested authorization.
The stipulation of settlement expressly provided that the prevailing party in any legal proceeding to enforce the stipulation was entitled to recover from the defaulting party reasonable attorneys' fees. The Supreme Court therefore properly awarded the plaintiff attorney's fees in the sum of $2,500.
The plaintiff's remaining contention is not properly before this Court, as it is based upon matter dehors the record.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court