Kirk v Kirk (2022 NY Slip Op 04718)

Kirk v Kirk

2022 NY Slip Op 04718

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-06136
2019-09379
 (Index No. 202166/09)

[*1]Robert P. Kirk, respondent,
v
Kathleen M. Kirk, appellant.

John R. Lewis, Jr., Esq., P.C., Farmingdale, NY, for appellant.
Law Offices of Robert P. Kirk, Jr., P.C., Farmingdale, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated January 18, 2011, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), dated April 16, 2019, and (2) an order of the same court dated July 1, 2019. The order dated April 16, 2019, denied the defendant's motion, in effect, to enforce certain provisions of the parties' separation agreement dated January 9, 2007, as modified by an agreement between the parties dated December 14, 2010. The order dated July 1, 2019, denied the defendant's motion for leave to reargue and renew her prior motion.
ORDERED that the appeal from so much of the order dated July 1, 2019, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated April 16, 2019, is modified, on the law and the facts, by deleting the provision thereof denying those branches of the defendant's motion which were, in effect, to enforce those provisions of the parties' separation agreement dated January 9, 2007, as modified by an agreement between the parties dated December 14, 2010, requiring the plaintiff to pay outstanding real property taxes and to reimburse the defendant for expenses paid in connection with the utilities, gardening, maintenance, and repairs related to the former marital residence, and for an award of attorneys' fees, costs, and disbursements in accordance with the separation agreement, and substituting therefor a provision granting those branches of the motion; as so modified, the order dated April 16, 2019, is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith, including an evidentiary hearing to fix the amounts owed the defendant, including reasonable attorneys' fees; and it is further,
ORDERED that the appeal from so much of the order dated July 1, 2019, as denied that branch of the defendant's motion which was for leave to renew those branches of the defendant's prior motion which were, in effect, to enforce those provisions of the parties' separation agreement dated January 9, 2007, as modified by an agreement between the parties dated December 14, 2010, requiring the plaintiff to pay outstanding real property taxes and to reimburse the defendant for expenses paid in connection with the utilities, gardening, maintenance, and repairs related to the former marital residence, and for an award of attorneys' fees, costs, and disbursements in accordance with the separation agreement, is dismissed as academic in light of our determination on the appeal [*2]from the order dated April 16, 2019; and it is further,
ORDERED that the order dated July 1, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that the defendant is awarded one bill of costs.
The parties were married on September 16, 1984, and have three children. On January 9, 2007, the parties entered into a written separation agreement which provided, inter alia, that "[u]ntil the closing of title," the plaintiff would be responsible for all expenses for the former marital residence, including real property taxes, utilities, gardening, maintenance, and repairs. The separation agreement provided that the plaintiff would have exclusive possession of the former marital residence, where he would reside with the three unemancipated children. The separation agreement specified that the defendant's income was $0, and that her pro rata share of basic child support was 0%. On December 14, 2010, the parties entered into a modification of the separation agreement (hereinafter the modification agreement), wherein it was agreed that the defendant would have exclusive use and occupancy of the former marital residence until the youngest child reached 21 years of age or became emancipated, at which time the former marital residence would be placed on the market for sale and the defendant given a right of first refusal to purchase the plaintiff's interest in the former marital residence. The parties were divorced pursuant to a judgment dated January 18, 2011. The separation agreement, as modified, was incorporated but not merged into the judgment of divorce.
Thereafter, by correspondence dated May 31, 2018, the defendant through her counsel demanded that the plaintiff cure his alleged default in failing to pay the real property taxes, utilities, gardening, maintenance, and repairs for the former marital residence, as well as child support arrears. By correspondence dated October 31, 2018, the plaintiff demanded that the former marital residence be listed for sale as the youngest child had reached 21 years of age. In subsequent correspondence, the plaintiff advised that should the former marital residence not be sold and/or his interest bought out, the defendant would be responsible for any loss of equity that he might sustain.
The defendant subsequently moved, in effect, to enforce the provisions of the separation agreement, as modified, requiring the plaintiff to pay the outstanding real property taxes, to reimburse the defendant for expenses paid in connection with the utilities, gardening, maintenance, and repairs related to the former marital residence, and to pay child support arrears. The defendant also sought attorneys' fees, costs, and disbursements in accordance with the separation agreement, as modified. The plaintiff opposed the motion. By order dated April 16, 2019, the Supreme Court denied the defendant's motion. Thereafter, the defendant moved for leave to renew and reargue her prior motion. By order dated July 1, 2019, the court denied reargument and renewal. The defendant appeals.
"A separation agreement or stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties," and are subject to the principles of contract interpretation (Matter of Moss v Moss, 91 AD3d 783, 783; see Matter of Gravlin v Ruppert, 98 NY2d 1, 5; Van de Walle v Van de Walle, 200 AD3d 1095, 1098). A court should interpret a contract such as a separation agreement in accordance with its plain and ordinary meaning (see Colucci v Colucci, 54 AD3d 710, 712), and "should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Matter of Schiano v Hirsch, 22 AD3d 502, 502; see Shkreli v Shkreli, 186 AD3d 638, 639). "Agreements are construed in accordance with the parties' intent, and the best evidence of intent is the written instrument" (Van de Walle v Van de Walle, 200 AD3d at 1098). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (Cohen-Davidson v Davidson, 291 AD2d 474, 475; see Berlin v Berlin, 192 AD3d 856, 857). "Accordingly, where the language of the agreement is clear and unambiguous, the court should determine the intent of the parties based on that language without resorting to extrinsic evidence" (Schaff v Schaff, 172 AD3d 1421, 1423; Colucci v Colucci, 54 AD3d [*3]at 712).
Here, the defendant demonstrated that the plaintiff breached the terms of the parties' agreement, as modified, by failing, inter alia, to pay the real estate taxes on the former marital residence and to reimburse her for expenses incurred relative to the utilities, gardening, maintenance, and repairs. In opposition, the plaintiff contended, in part, that the parties had an "understanding" that the defendant would be responsible for all such costs once she moved back into the former marital residence because the defendant would no longer have to pay rent on her prior residence. The plaintiff's contention is without merit.
"Where, as here, the parties' separation agreement contains a provision that expressly provides that modifications must be in writing, an alleged oral modification is enforceable only if there is part performance that is unequivocally referable to the oral modification" (Parker v Navarra, 102 AD3d 935, 936). "In order to be unequivocally referable, conduct must be inconsistent with any other explanation" (Vogel v Vogel, 128 AD3d 681, 684 [alterations and internal quotation marks omitted]). Contrary to the plaintiff's contention, he failed to allege acts of part performance that were unequivocally referable to the alleged oral agreement to modify the terms of the parties' separation agreement sufficient to obviate the need for a writing (see id. at 684; Parker v Navarra, 102 AD3d at 936; cf. Healy v Williams, 30 AD3d 466, 468).
Moreover, in interpreting the separation agreement, as modified, the Supreme Court erroneously imposed an obligation on the defendant to exercise her option to pay the real estate taxes before seeking relief, which was not required under the agreement.
Nevertheless, an evidentiary hearing is required to determine whether the defendant unjustifiably delayed in placing the former marital residence on the market for sale or in exercising her right of first refusal and, if so, to what extent, if any, the delay relieved the plaintiff of his obligation to pay the real estate taxes, utilities, gardening, maintenance, and repairs on the former marital residence (see Uttamchandani v Uttamchandani, 175 AD3d 1457, 1459; Pelgrim v Pelgrim, 127 AD3d 710; Rawlings v Rawlings, 50 AD3d 998; cf. Maddaloni v Maddaloni, 163 AD3d 792). Further, at the evidentiary hearing, the defendant shall be required to submit adequate proof establishing her entitlement to reimbursement of the expenses she incurred for utilities, gardening, maintenance, and repairs.
Contrary to the defendant's contention, the Supreme Court correctly denied her claim for child support arrears. Neither the separation agreement nor the modification agreement imposed on the plaintiff a child support obligation. Rather, as the court observed, the separation agreement merely reflected that the defendant, the then non-monied spouse, had $0 imputed income and accordingly no child support obligation. This was in further view of the fact that, at the time the separation agreement was entered into, the plaintiff occupied the former marital residence and had custody of the parties' unemancipated children. Therefore, contrary to the defendant's contention, the court's determination that the defendant could not recover child support arrears when neither the separation agreement nor the modification agreement imposed a child support obligation on the plaintiff is correct and will not be disturbed on this appeal.
Contrary to the plaintiff's contention, he is not entitled to a credit for the payments he voluntarily made for the children's expenses. The separation agreement did not provide any offsets or credits to the plaintiff for any of his claimed payments (see Matter of English v Smith, 173 AD3d 1022, 1024; J.A.H. v E.G.M., 171 AD3d 710, 713; Shea v McFadden, 227 AD2d 543, 544; cf. Matter of McGovern v McGovern, 148 AD3d 900, 901; Matter of Brandt v Peirce, 132 AD3d 665).
Finally, the separation agreement provided that, in the event either party defaulted in complying with its terms, the defaulting party would be required to reimburse the non-defaulting party for attorneys' fees, costs, and disbursements incurred in enforcing the terms of the separation agreement. Under the circumstances, the defendant is entitled to an award of reasonable attorneys' fees (see Ambrose v Ambrose, 128 AD3d 746, 747; Fackelman v Fackelman, 71 AD3d 724, 726-727; Rawlings v Rawlings, 50 AD3d at 999). Contrary to the defendant's contention, however, [*4]she is not entitled to recover attorneys' fees incurred in defending the separate action commenced by a third-party to foreclose a tax lien on the former marital residence, as those fees were not incurred in seeking to enforce the separation agreement (see Etzion v Etzion, 84 AD3d 1015, 1018).
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court