Frantz v Marchbein (2023 NY Slip Op 02499)

Frantz v Marchbein

2023 NY Slip Op 02499

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-00210
 (Index No. 200277/18)

[*1]Jacob Frantz, respondent,
v
Shari Marchbein, appellant.

Saltzman Chetkof & Rosenberg, LLP, Garden City, NY (Lee Rosenberg and Neelam B. Bhagrath of counsel), for appellant.
Wisselman, Harounian & Associates, P.C., Carle Place, NY (Jordan E. Trager of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated May 14, 2019, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated January 7, 2021. The order, insofar as appealed from, denied, without a hearing, that branch of the defendant's motion which was to modify the child support provisions of a stipulation of settlement and the judgment of divorce and the defendant's cross-motion for an award of counsel fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married on April 28, 2013, and have two children. On March 29, 2019, the parties entered into a written stipulation of settlement pursuant to which they agreed, inter alia, to "joint legal custody/shared parenting," with the defendant as the custodial parent for purposes of the Child Support Standards Act (hereinafter CSSA). The stipulation of settlement also provided that the plaintiff's "parenting time shall be entirely optional with him, and should the [plaintiff] so desire, he may waive the privilege of his parenting time with the Children on any occasion for any reason, without waiving his right to future visits." Additionally, the stipulation of settlement provided that "neither party shall relocate outside of the five boroughs of the City of New York, Nassau County or Eastern New Jersey prior to the Children attaining eighteen years of age."
For the purpose of calculating child support, the stipulation of settlement deemed that the plaintiff, who was unemployed at the time, had an "adjusted gross CSSA income" of $200,000, and that the defendant had an "adjusted gross CSSA income" of $350,000. The parties set forth in the stipulation of settlement that they intended and agreed that their respective child support obligations were governed by the stipulation of settlement, and that they waived the determination of child support by the Supreme Court. The parties acknowledged that they were both advised of the provisions of the CSSA. The parties agreed to deviate from the presumptive amount of child support under the CSSA child support guidelines in light of their "parenting arrangement, close geographic proximity, the [plaintiff's] current unemployment, the anticipation of the [plaintiff] and [the defendant] both relocating to Manhattan and the respective finances of the parties." To wit, they agreed that they would each be responsible for the children's expenses during their respective [*2]parenting time, that no basic child support payment would be due or owing, and that the minimum statutory sum of $25 per month for the parties' children was deemed prepaid as part of the equitable distribution payments and waivers set forth in the stipulation of settlement.
Additionally, the parties agreed to share the cost of the children's extracurricular activities, including camp, on a pro rata basis, 65% by the defendant and 35% by the plaintiff, with the plaintiff's obligation capped at $12,000 per year. Moreover, the parties agreed to opt out of the statutory provisions which permit a court to modify a child support order based upon the passage of three years from the entry of a judgment which incorporates but does not merge the terms of a stipulation of settlement, or a 15% change in either party's income since the entry of the judgment. The parties were divorced pursuant to a judgment dated May 14, 2019. The stipulation of settlement was incorporated but not merged into the judgment of divorce. Thereafter, the parties entered into a "Summer 2020 Parenting Modification Agreement" (hereinafter the summer 2020 parenting agreement) that was so-ordered on July 6, 2020, pursuant to which, inter alia, the plaintiff agreed to "secure appropriate child seats for each of the children in the event he does not have them," and both parties agreed, among other things, to abide by all protocols with respect to COVID-19 recommended by New York State and the Centers for Disease Control and Prevention.
On August 17, 2020, the defendant moved to modify the stipulation of settlement and the judgment of divorce so as to direct the plaintiff to pay the defendant child support, and to enforce the stipulation of settlement and the summer 2020 parenting agreement with regard to COVID-19 protocols, car seats, and communication requirements. The plaintiff opposed the motion, and cross-moved, inter alia, for the appointment of a parent coordinator to assist with the parties' communications. The defendant opposed the plaintiff's cross-motion, and cross-moved for an award of counsel fees. In an order dated January 7, 2021, the Supreme Court, inter alia, denied, without a hearing, that branch of the defendant's motion which was to modify the child support provisions of the stipulation of settlement and the judgment of divorce and the defendant's cross-motion for an award of counsel fees. The defendant appeals.
"'A separation agreement or stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties,' and are subject to the principles of contract interpretation" (Kirk v Kirk, 207 AD3d 708, 711, quoting Matter of Moss v Moss, 91 AD3d 783, 783). "A court should interpret a contract such as a separation agreement in accordance with its plain and ordinary meaning, and should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Kirk v Kirk, 207 AD3d at 711 [citation and internal quotation marks omitted]). "'Accordingly, where the language of the agreement is clear and unambiguous, the court should determine the intent of the parties based on that language without resorting to extrinsic evidence'" (id., quoting Schaff v Schaff, 172 AD3d 1421, 1423). "Where the parties have included child support provisions in the agreement, it is presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child" (Battinelli v Battinelli, 192 AD3d 957, 959 [internal quotation marks omitted]).
Here, as the Supreme Court determined, the defendant failed to demonstrate a substantial change in circumstances warranting the modification of child support as agreed upon in the stipulation of settlement (see id. at 959). Despite the defendant's contentions to the contrary, the stipulation of settlement allowed the plaintiff to reside in any of the five boroughs of the City of New York, and was based upon the plaintiff's imputed income of $200,000, despite him being unemployed.
The Supreme Court providently exercised its discretion in denying the defendant's cross-motion for an award of counsel fees (see Domestic Relations Law § 238; Silbowitz v Silbowitz, 106 AD3d 806).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court