Sabau v Sabau (2023 NY Slip Op 06765)

Sabau v Sabau

2023 NY Slip Op 06765

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2020-00443
 (Index No. 9557/10)

[*1]Marius Sabau, appellant,
v
Svetlana Sabau, respondent.

Marco E. Fava, Larchmont, NY, for appellant.
Helene M. Greenberg, Elmsford, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated August 10, 2011, the plaintiff appeals from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated February 6, 2013. The order granted that branch the defendant's motion which was to transfer title of the marital residence to her.
ORDERED that the order is affirmed, with costs.
The parties were married and have two children of the marriage. The plaintiff commenced this action for a divorce and ancillary relief in 2010. On February 3, 2011, the parties entered into an oral stipulation of settlement, which, among other things, awarded the defendant sole custody of the children. The stipulation of settlement provided that the marital residence, a cooperative apartment in Yonkers held in the plaintiff's name, was to be listed for sale within 30 days, and that the proceeds of the sale would be used to satisfy the mortgage and joint marital debts, among other things. Pending the sale, the defendant had exclusive use and occupancy of the marital residence, the plaintiff was responsible for paying the maintenance fees on the apartment, and, as a result, his child support obligations were stayed pending the sale of the apartment. The parties were divorced pursuant to a judgment dated August 10, 2011. The stipulation of settlement was incorporated but not merged into the judgment of divorce.
In December 2012, the defendant moved, inter alia, to transfer title of the marital residence to her. In an affidavit in support of the motion, the defendant averred that the plaintiff had refused to sell the marital residence, that the plaintiff did not pay the maintenance fees on the apartment, and that the defendant and the children were being evicted as a result. The plaintiff did not refute the defendant's averments. In an order dated February 6, 2013, the Supreme Court granted the subject branch of the motion. The plaintiff appeals.
Initially, we reject the defendant's contention that the appeal should be dismissed as untimely, as the defendant failed to meet her burden of establishing that the appeal was untimely taken (see CPLR 5513[a]; Bruzzese v Bruzzese, 152 AD3d 563, 564-565).
A stipulation of settlement that has been incorporated but not merged into a judgment of divorce is an independent contract binding upon the parties (see Matter of Gravlin v Ruppert, 98 NY2d 1, 5; Rainbow v Swisher, 72 NY2d 106, 109; Frantz v Marchbein, 216 AD3d 746, 748). A party seeking to challenge or reform such an agreement generally must do so by commencement of a plenary action and not by motion within the action for divorce (see Jagassar v Deonarine, 191 [*2]AD3d 650, 651; Sudaka-Karlsson v Karlsson, 97 AD3d 737). In contrast, a party seeking to enforce a stipulation of settlement may do so by motion within the underlying action and need not commence a plenary action (see Schaff v Schaff, 172 AD3d 1421, 1423; Gavin v Catron, 35 AD3d 354, 355; Luisi v Luisi, 6 AD3d 398, 400). Contrary to the plaintiff's contention, the defendant was not required to institute a plenary action, as she was effectively seeking to enforce the terms of the parties' stipulation of settlement (see Schaff v Schaff, 172 AD3d at 1423; Gavin v Catron, 35 AD3d at 355; Luisi v Luisi, 6 AD3d at 400).
Furthermore, contrary to the plaintiff's contention, the Supreme Court did not alter the terms of the stipulation of settlement when it granted that branch of the defendant's motion which was to transfer title of the marital residence to her. A stipulation of settlement is a contract subject to the principles of contract construction and interpretation (see Palau v Palau, 219 AD3d 919, 919; Kraus v Kraus, 131 AD3d 94, 100). A court should interpret the stipulation in accordance with its plain and ordinary meaning, and "arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Matter of Schiano v Hirsch, 22 AD3d 502, 502; see Frantz v Marchbein, 216 AD3d at 749; Kirk v Kirk, 207 AD3d 708, 711).
The parties' stipulation of settlement unambiguously required the listing of the apartment with a broker and included detailed mechanisms to ensure a timely sale. The plaintiff's failure to list the apartment precluded performance of the clear and unambiguous terms of the stipulation of settlement and delayed his child support obligations for nearly two years. His failure to pay the maintenance fees on the apartment as required subjected the defendant and the parties' children to the threat of eviction and foreclosure. Under these circumstances, the Supreme Court properly granted the subject branch of the defendant's motion so as to enforce the relevant provisions of the stipulation of settlement (see generally Pierot v Marom, 172 AD3d 928, 930; Kraus v Kraus, 131 AD3d at 101-102).
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court