O'Malley v O'Malley (2024 NY Slip Op 04077)

O'Malley v O'Malley

2024 NY Slip Op 04077

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-01568
 (Index No. 800047/21)

[*1]Patrick J. O'Malley, appellant, 
v
Beth E. O'Malley, respondent.

Law Office of Gambino & Demers, LLC, Poughkeepsie, NY (Thomas M. Gambino of counsel), for appellant.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated October 31, 2007, the plaintiff appeals from an order of the Supreme Court, Putnam County (Gina C. Capone, J.), dated February 1, 2022. The order, insofar as appealed from, (1) denied those branches of the plaintiff's motion which were for an award of $30,000, representing a certain payment previously made by the plaintiff to the defendant, an award of certain rents collected by the defendant, an award equal to the principal sum of a deficiency judgment resulting from the foreclosure sale of the marital residence, and to set aside the defendant's entitlement to a share of the plaintiff's pension, (2) granted those branches of the defendant's motion which were to hold the plaintiff in civil contempt for his failure to pay child support or to distribute to the defendant her equitable share of the plaintiff's pension, and for an award of child support arrears in the sum of $61,355.05, and (3), in effect, granted that branch of the defendant's motion which was for an award of pension benefits arrears to the extent of directing the parties to prepare a supplemental qualified domestic relations order relating to the distribution of pension arrears.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 1988 and have two children. In 2005, the parties entered into a stipulation of settlement (hereinafter stipulation), which was incorporated, but did not merge, into a judgment of divorce dated October 31, 2007. The stipulation provided, inter alia, that the defendant would retain the former marital residence and was required to assume or refinance the mortgage encumbering that property. The defendant did not assume or refinance the mortgage. The stipulation also provided that the defendant was to receive child support payments from the plaintiff in the amount of $777 biweekly and that the defendant was entitled to 16.5% of the plaintiff's pension. In 2010, the plaintiff, without modifying the stipulation, began making child support payments in the reduced amount of $285 and, in 2012, ceased making his child support payments altogether. Upon his retirement, the plaintiff also failed to pay the defendant her portion of his pension and failed to designate her as an "Alternate Payee" under the pension plan.
In April 2021, the plaintiff moved, inter alia, to hold the defendant in civil contempt for failing to act in accordance with the stipulation with respect to assuming or refinancing the [*2]mortgage on the marital residence. The plaintiff also sought monetary awards related to, among other things, certain rents purportedly collected by the defendant and a deficiency judgment resulting from the foreclosure sale of the marital residence. In August 2021, the defendant moved, inter alia, for an award of child support arrears in the sum of $61,355.05, an award of pension payment arrears, and to hold the plaintiff in civil contempt for failing to pay child support and failing to distribute to her 16.5% of his pension.
In an order dated February 1, 2022, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for an award of $30,000, representing a certain payment previously made by the plaintiff to the defendant, an award in an amount equal to rents purportedly collected by the defendant from the marital residence, an award in an amount equal to the deficiency judgment, and to set aside the defendant's entitlement to a portion of the plaintiff's pension. The court granted that branch of the defendant's motion which was to hold the plaintiff in civil contempt for failing to pay child support and for violating the terms of the stipulation relating to the distribution of his pension. The court further granted that branch of the defendant's motion which was for an award of child support arrears in the principal sum of $61,355.05 and, in effect, granted that branch of the defendant's motion which was for an award of pension benefit arrears to the extent of directing the parties to prepare a supplemental qualified domestic relations order (hereinafter QDRO) relating to the distribution of pension arrears. The plaintiff appeals.
The Supreme Court properly denied those branches of the plaintiff's motion which were for an award of $30,000, an award in an amount equal to rents purportedly collected by the defendant from the marital residence, an award in an amount equal to a deficiency judgment, and to set aside the defendant's entitlement to a portion of the plaintiff's pension. "A challenge to a stipulation of settlement which is incorporated but not merged into a judgment of divorce must be made by plenary action, and not by motion" (Sudaka-Karlsson v Karlsson, 97 AD3d 737, 737; see Reiter v Reiter, 39 AD3d 616). Here, the stipulation plainly stated that the defendant was awarded "sole and exclusive possession and ownership" of the marital residence. The stipulation also stated that the defendant received $30,000 in exchange for waiving part of her interest in the plaintiff's pension and that she was entitled to 16.5% of the pension. Since the plaintiff's demands contradicted the express language of the stipulation, the court properly denied those branches of the plaintiff's motion on the ground that modification of the stipulation can only be accomplished through a plenary action (see Dombrowski v Dombrowski, 239 AD2d 460, 460; Riley v Riley, 179 AD2d 750, 750).
The Supreme Court properly granted those branches of the defendant's motion which were to hold the plaintiff in civil contempt for failing to pay child support or comply with the provisions of the stipulation concerning the defendant's share of the plaintiff's pension. "To prevail on a motion to punish for civil contempt, the movant must establish by clear and convincing evidence: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Del Vecchio v Del Vecchio, 219 AD3d 572, 578 [internal quotation marks omitted]). Here, the stipulation, which was incorporated into the judgment of divorce, unambiguously stated that the defendant was entitled to the amount of $777 biweekly in child support. The stipulation expressly stated that no modifications of the stipulation were valid unless they were made in writing and executed by both parties. The plaintiff did not modify the stipulation. Moreover, the stipulation stated that the defendant was entitled to 16.5% of the plaintiff's pension. Contrary to the plaintiff's contention, the plaintiff was required under the stipulation to distribute 16.5% of his pension payment to the defendant even in the absence of a QDRO. The plaintiff was also required to name the defendant as a survivor beneficiary, which he did not do. By failing to pay the full amount of child support due or make arrangements for the defendant to receive her portion of the pension, the plaintiff disobeyed an unequivocal order of the court. The plaintiff failed to raise any issues of fact that would have necessitated a hearing (see Plotkin v Esposito-Plotkin, 216 AD3d 676, 679).
The Supreme Court also properly granted, without a hearing, that branch of the [*3]defendant's motion which was for child support arrears and, in effect, that branch of the defendant's motion which was for an award of arrears related to the plaintiff's pension to the extent of directing the parties to prepare a supplemental QDRO relating to the distribution of pension arrears. Contrary to the plaintiff's contention, the fact that the parties' children may currently be emancipated does not prevent the defendant from recovering arrears that were due and owing prior to the children's emancipation (see e.g. Matthews v Roe, 193 AD3d 919, 920; Matter of Barletta v Faden, 178 AD3d 918, 918-919). The plaintiff did not seek a downward modification of his child support obligation prior to the children's emancipation (see Beckmann v Beckmann, 160 AD3d 799, 800). Moreover, the plaintiff failed to establish that he had made arrangements for the defendant to receive 16.5% of his pension, as was required by the stipulation. The plaintiff did not raise "a triable issue of fact as to the amount o[f] legitimacy of the arrears demanded" and a hearing was thus not warranted (Poirier v Demasi, 201 AD3d 977, 979).
The parties' remaining contentions are either not properly before this Court or without merit.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court