Cardone v Cardone
2026 NY Slip Op 03139
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Paul Cardone, respondent,
v
Nina Cardone, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2022-09180, (Index No. 3362/19)
Hector D. LaSalle, P.J.
William G. Ford
Helen Voutsinas
James P. McCormack, JJ.

Schlissel Ostrow Karabatos, PLLC, Garden City, NY (Jennifer S. Rosenkrantz of counsel), for appellant.
Hedayati Law Group, P.C., Melville, NY (Herbert A. Smith, Jr., of counsel), for respondent.

[*1]
DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered March 10, 2022, the defendant appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated September 20, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was for an award of attorneys' fees, and granted that branch of the plaintiff's cross-motion which was to direct the defendant to reimburse the plaintiff for certain tax expenditures to the extent of directing that each party be responsible for the tax liabilities incurred on funds that they respectively received from the retirement accounts at issue.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married on June 24, 1984. There are two emancipated children of the marriage. On March 2, 2021, the parties entered into a so-ordered stipulation directing the plaintiff to withdraw $58,000 from his Morgan Stanley retirement account and pay that sum to the defendant by certified check, after the plaintiff had withdrawn the same amount from the same account for himself. The parties subsequently resolved their action for a divorce and ancillary relief by entering into a stipulation of settlement dated December 2, 2021, which provided, inter alia, for the equitable distribution of marital assets, including a provision to equally divide the plaintiff's retirement accounts. The stipulation was incorporated, but not merged, into a judgment of divorce entered March 10, 2022.
In May 2022, the defendant moved, among other things, to hold the plaintiff in contempt for failing to effectuate the distribution of his retirement accounts, as well as for an award of attorneys' fees. The plaintiff opposed the motion, and cross-moved, inter alia, to direct the defendant to pay the plaintiff the sum of $18,542, allegedly representing the plaintiff's "tax burden" on the $58,000 paid by the plaintiff to the defendant pursuant to the March 2, 2021 stipulation.
In an order dated September 20, 2022, the Supreme Court, among other things, granted the aforementioned branch of the plaintiff's cross-motion to the extent of directing that each party be responsible for any tax liabilities incurred on funds that they respectively received from the retirement accounts at issue. The court also denied that branch of the defendant's motion which was for an award of attorneys' fees. The defendant appeals.
A stipulation of settlement entered into by the parties to a divorce action constitutes a contract between them subject to the principles of contract interpretation (see Matter of Miller v Fitzpatrick, 147 AD3d 845, 846-847; Ayers v Ayers, 92 AD3d 623, 624). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Cohen v Cohen, 187 AD3d 707, 709). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (Kirk v Kirk, 207 AD3d 708, 711 [internal quotation marks omitted]; see Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726). "In making the determination, the court should examine the entire contract and consider the relation of the parties and the circumstances under which the contract was executed" (Cohen v Cohen, 187 AD3d at 709). Applying these principles here, where the parties' stipulation of settlement specifically provided for the equal division of the plaintiff's retirement accounts, the Supreme Court properly determined that each party should be responsible for any tax liabilities incurred on the funds that they respectively received from the subject retirement accounts (see id.).
Under these circumstances, considering the overall financial circumstances of the parties and the circumstances of the case as a whole, the Supreme Court providently exercised its discretion in declining to award the defendant attorneys' fees (see Domestic Relations Law §§ 237[c]; 238; Jones v Jones, 227 AD3d 967; Beckmann v Beckmann, 160 AD3d 799).
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court