■ THOMAS KENNEDY, Appellant, v JACQUELINE KENNEDY, Respondent. [880 NYS2d 97]—

In a matrimonial action in which the parties were divorced by judgment entered March 16, 1998, the father appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Stack, J.), dated December 14, 2007, which, inter alia, after a hearing, granted the mother's motion to hold him in contempt for failure to comply with a prior order of the same court (Spinola, J.), dated July 19, 2006, and committed him to a term of incarceration for a period of 30 days unless he purged himself of his contempt by paying the sum of $25,000 to the mother, and granted the mother's separate motion for an upward modification of his child support obligation from the sum of $2,058 per month to the sum of $3,535.50 per month, and for an award of 50% of certain educational expenses for the parties' two younger children.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof granting the mother's motion to hold the father in contempt, and committing the father to a term of incarceration for a period of 30 days unless he purged himself of his contempt by paying the sum of $25,000 to the mother, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount owed by the father for the college tuition of the parties' two older children, Thomas and Deidre, in accordance herewith.

The parties were divorced in 1998, and have four children. The instant appeal is from an order which granted the mother's motion to hold the father in contempt for failing to comply with a prior order requiring him to contribute to the college tuition of the parties' two older children, Thomas and Deidre, and granted her separate motion for upward modification of child support and for an award of certain educational expenses for the parties' two younger children.

With respect to college tuition, absent a voluntary agreement, a parent may not be directed to contribute to the college education of a child who has reached the age of 21 years (see *Cimons v Cimons*, 53 AD3d 125, 134 [2008]). The parties' eldest child, Thomas, attained the age of 21 years of age in March 2007 while the motion to hold the father in contempt was pending. The parties entered into a stipulation to sell property to pay for Thomas's first two years of college; therefore, only tuition for a portion of his third year of college, the 2006-2007 academic year, until his 21st birthday, is in issue. Both Thomas and Deidre received grants and/or scholarships, which must be subtracted from tuition to determine the parents' respective obligations (see *Matter of Kent v Kent*, 29 AD3d 123, 134 [2006]; *Wacholder v Wacholder*, 188 AD2d 130, 135 [1993]; *Haimowitz v Gerber*, 153 AD2d 879 [1989]). Further, the mother acknowledges on appeal that the father contributed to Deidre's college education. On this record, the father's unpaid obligations, if any, cannot be determined. Therefore, the mother's motion to hold him in contempt for failure to satisfy those obligations should have been denied, and the matter must be remitted to the Supreme Court, Nassau County, to calculate what, if anything, is due and owing.

However, the mother established a basis for upward modification of child support based upon the increased income of the father and the increased needs of the children. The court ap-

plied the formula set forth in the Child Support Standards Act (hereinafter CSSA formula) (*see* Family Court Act § 413), to total parental income in excess of $80,000, in a prior order dated April 1, 2002, which stated that it was appropriate to apply the CSSA formula to entire combined parental income, "based upon the standard of living the children would have enjoyed if the parties remained together." In the order appealed from, the court set forth its reasons in detail, thus complying with the requirements of *Matter of Cassano v Cassano* (85 NY2d 649 [1995]).

There is no basis to set aside the additional award of 50% of the educational expenses of the two younger children. That award was properly made in addition to basic child support, in the discretion of the trial court (*see Cimons v Cimons*, 53 AD3d 125, 131 [2008]). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.