■ In the Matter of KATHLEEN M. YORKE, Appellant, v DENNIS N. YORKE, Respondent. [922 NYS2d 115]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Woods, J.), dated March 29, 2010, as, upon granting the father's objections to so much of an order of the same court (Patsalos, S.M.), dated January 19, 2010, as directed the father to pay the sum of $13,913.08 for college expenses for the subject child for the period from the fall 2007 semester through and including the fall 2009 semester, recalculated the father's obligation to contribute to the subject child's college expenses and determined that the father was entitled to a credit in the sum of $3,407.

Ordered that the order dated March 29, 2010, is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a determination, in accordance herewith, of the amount owed by the father for the college expenses for the subject child for the period from the fall 2007 semester through and including the fall 2009 semester.

The parties are the parents of a child who was a college student beginning in the fall 2007 semester. By orders dated October 16, 2007, and December 20, 2007, respectively, the father was directed to pay 83% of the college tuition for the

subject child prior to March 2009, and 82% of the tuition for the child subsequent to March 2009. Those orders provided that the father was not responsible for contributing towards the child's room and board at college.

In 2009 the mother commenced this proceeding, alleging that the father had failed to contribute the required amount to college tuition for the five semesters from fall 2007 through and including fall 2009. On or about September 21, 2009, the Support Magistrate issued an order in which the father's college contributions were calculated based upon the total cost of attendance, including room and board. The father filed objections to that order, and the Family Court granted his objections and remitted the matter to the Support Magistrate. After a hearing, the Support Magistrate issued, inter alia, an order dated January 19, 2010, which recalculated the father's obligation towards those costs. After the father filed objections to that order, the Family Court issued an order dated March 29, 2010, in which that court determined the father's obligation for college costs for the child and found that the father was entitled to a credit in the sum of $3,407.

In the order dated March 29, 2010, the Family Court deducted financial aid, including "Stafford" loans, prior to determining the father's share of college costs for the child. In determining the parents' respective obligations towards the cost of college, a court should not take into account any college loans for which the student is responsible (*see Matter of Kent v Kent*, 29 AD3d 123, 133-134 [2006]). Therefore, any loans for which the child is responsible should not have been deducted from the college costs prior to determining the father's pro rata share of those costs. Here, the record does not indicate whether the child is responsible for repayment of the Stafford loans reflected on the statements from the college. Accordingly, the matter must be remitted to the Family Court, Orange County, for clarification of this matter.

In addition, the Family Court erred in applying the total amount of scholarships, grants, and student loans for which the child is not responsible (hereinafter collectively financial aid). First, the Family Court should have calculated the total cost of attending college, including tuition, and room and board. Next, it should have determined the percentage of that total cost which was covered by financial aid. That percentage should then have been applied to the tuition portion. Finally, the father's share of the net tuition, after deducting the pro rata financial aid, should have been calculated based upon his percentage of responsibility (*see Kennedy v Kennedy*, 62 AD3d 755,

756 [2009]). For example, if tuition is $12,000 and room and board is $8,000, totaling $20,000, and financial aid is $15,000, or 75% of the total college cost, the net tuition after pro rata financial aid would be $3,000. The father's pro rata tuition obligation should then be applied to that amount to determine his contribution to tuition. Accordingly, the matter must be remitted to the Family Court, Orange County, for recalculation of the father's obligation to contribute towards college costs in accordance herewith. Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.