In a matrimonial action in which the parties were divorced by judgment entered June 8, 2006, in which the terms of the parties’ stipulation of settlement were incorporated by reference *752 and not merged, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated January 4, 2012, as denied her motion to direct the defendant to pay the amounts he owes as his share of college expenses for the parties’ children, or for leave to enter a money judgment against the defendant for those amounts, and for an award of counsel fees pursuant to the parties’ stipulation of settlement.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
The plaintiff moved to have the Supreme Court direct the defendant to contribute toward the college expenses of the parties’ children, including student loans which the children were responsible to repay, up to the monetary cap set forth in the parties’ stipulation of settlement that was incorporated by reference but not merged into the judgment of divorce. The Supreme Court denied the motion, reasoning that the amounts of the student loans should be deducted from the college expenses that the parties were required to pay pursuant to the stipulation.
Contrary to the Supreme Court’s determination, “[i]n the absence of a clear and unambiguous provision to the contrary in the stipulation of settlement concerning the matter, ‘[i]n determining the parents’ respective obligations towards the cost of college, a court should not take into account any college loans for which the student is responsible’ ” (Matter of Korosh v Korosh, 99 AD3d 909, 911 [2012], quoting Matter of Yorke v Yorke, 83 AD3d 951, 952 [2011]; see Matter of Rashidi v Rashidi, 102 AD3d 972 [2013]; Matter of Kent v Kent, 29 AD3d 123, 133-134 [2006]). Here, the parties’ stipulation of settlement did not contain a clear and unambiguous provision expressly authorizing the deduction of the children’s student loans from the college expenses toward which the parties were required to contribute. Accordingly, the Supreme Court erred in denying the plaintiffs motion, and the matter must be remitted for a hearing and determination as to the parties’ respective obligations for college expenses and for an award of counsel fees to the mother, as provided for in the parties’ stipulation of settlement. Mastro, J.P., Rivera, Lott and Cohen, JJ., concur.