Matter of D'Sa v D'Sa (2020 NY Slip Op 02192)





Matter of D'Sa v D'Sa


2020 NY Slip Op 02192


Decided on April 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-03494
 (Docket No. F-1497-17/18E)

[*1]In the Matter of Loeffler D'Sa, appellant,
v
Dawn Bipat D'Sa, respondent.


Michael J. Reilly, Garden City, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated March 8, 2019. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Aletha V. Fields, S.M.), dated December 11, 2018, as, after a hearing, denied his petition, in effect, to enforce certain provisions of the parties' stipulation of settlement, which was incorporated but not merged into a judgment of divorce entered July 1, 2016.
ORDERED that the order dated March 8, 2019, is reversed insofar as appealed from, on the law, without costs or disbursements, the father's objections are granted, the order dated December 11, 2018, is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and a new determination of the petition thereafter in accordance herewith.
The parties are divorced and have two children together. The parties entered into a stipulation of settlement, which was incorporated but not merged into their judgment of divorce, whereby they agreed, inter alia, that the father's gross income was approximately $90,000 per year and that the father would pay $1,000 per month in child support until January 2018. The stipulation of settlement further provided, "Effective January 22, 2018 until the emancipation of both children, the [father's] child support payments shall be pursuant to the Child Support Standards Act with appropriate calculations for maintenance and reflective of the income ranges of the parties." In addition, the stipulation of settlement provided, in article 15(I), that "The parties to this Agreement have been advised by their respective attorneys of the New York Domestic Relations Law, 236(B)(9)(b) and the Family Court Act 461(b), effective October 12, 2010, providing for the modification of an Order of Child Support . . . and that a reduction in income shall not be considered as a ground for modification unless it was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience." On September 21, 2016, the parties appeared in court and agreed, inter alia, that the father would pay child support to the mother no later than the 20th day of each month.
In October 2018, the father filed a petition alleging that, pursuant to the stipulation of settlement and the judgment of divorce, the parties agreed that the father's child support obligation would be recalculated as of January 1, 2018. The petition further alleged that there had been a substantial change of circumstances, and that the father's income had decreased by 15 percent. After a hearing, the Support Magistrate found, inter alia, that the parties had agreed in the stipulation of [*2]settlement that a reduction in income shall not be considered as a ground for modification of child support obligations unless it was involuntary, and further found that the father had not proven that his alleged reduction in income was involuntary. The Support Magistrate, inter alia, based her calculation of the father's child support obligation upon a gross income of $90,000 per year, directed the father to pay $1,208 per month in child support retroactive to January 18, 2018, and directed the father to pay $1,593 per month in child support commencing on December 20, 2018. The father filed written objections, arguing, inter alia, that the Support Magistrate erred in interpreting article 15(I) of the stipulation of settlement and by increasing his child support obligation. In the order appealed from, the Family Court denied the father's objections. In its decision on objections, upon which the order appealed from was based, the Family Court found, inter alia, that the parties had agreed in the stipulation of settlement that the father's child support obligation was zero pending the re-calculation of his child support obligations, and therefore, the father's petition for downward modification of child support did not state a claim upon which relief could be granted. The father appeals.
We disagree with the Family Court's determination that the father's petition did not state a claim upon which relief could be granted. Affording the father the benefit of every favorable inference (see Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 484; Leon v Martinez, 84 NY2d 83, 87-88; Matter of Smith v Howard, 113 AD3d 781, 781), the petition sought to enforce the provisions of the parties' judgment of divorce, which were based upon their stipulation of settlement. Further, contrary to the Family Court's holding, the father's child support obligation under the stipulation of settlement was not zero pending the recalculation. Instead, the father's child support obligation, effective January 20, 2018, was the amount determined by the Child Support Standards Act.
"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Matter of Blonder v Blonder, 171 AD3d 1043, 1045 [internal quotation marks omitted]; Rosenberger v Rosenberger, 63 AD3d 898, 899). " A court may not write into a contract conditions the parties did not insert . . . and it may not construe the language in such a way as would distort the . . . apparent meaning'" (Matter of Crawley v Crawley, 152 AD3d 510, 511, quoting Matter of Miller v Fitzpatrick, 147 AD3d 845, 847).
Here, the parties agreed that the father's child support obligation would be recalculated effective as of the January 20, 2018, payment. Contrary to the Support Magistrate's determination, the parties did not agree in article 15(I) of their stipulation of settlement that any reduction in income would not be considered as a ground for modification unless it was involuntary and the party had made diligent attempts to secure employment commensurate with his or her education, ability, and experience. Instead, a plain reading of article 15(I) indicates that the parties simply acknowledged that their attorneys advised them of the law. The Support Magistrate should not have relied upon this language as a basis to deny recalculating the father's child support obligations pursuant to the parties' agreement (see Matter of Noah v Feld, 128 AD3d 1071, 1072; Heller v Heller, 43 AD3d 999, 1000-1001). Accordingly, the matter must be remitted to the Family Court for a new hearing and a new determination thereafter of the father's modification petition.
We need not reach the merits of the father's other objections to the Support Magistrate's findings of fact in light of our determination.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court