Shkreli v Shkreli (2020 NY Slip Op 04504)





Shkreli v Shkreli


2020 NY Slip Op 04504


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-01266
 (Index No. 825/05)

[*1]Pat Pashka Shkreli, appellant,
v
John Shkreli, respondent.


Fredman Baken and Novernstern, Mount Kisco, NY (R. Christopher Owen of counsel), for appellant.
Maria C. Corrao, Hawthorne, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Putnam County (Janet C. Malone, J.), dated December 6, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was to modify a qualified domestic relations order dated August 24, 2016, and denied those branches of the plaintiff's cross motion which were to hold the defendant in contempt, award the plaintiff attorneys' fees and costs, direct the defendant to obtain a life insurance policy on his life for the benefit of the plaintiff, and award the plaintiff pension arrears.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to modify the qualified domestic relations order dated August 24, 2016, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on November 25, 1978. They entered into a separation agreement, dated May 26, 2005 (hereinafter the separation agreement), which was incorporated but not merged into a judgment of divorce. On August 24, 2016, the Supreme Court issued a qualified domestic relations order (hereinafter the QDRO) which had been submitted by the plaintiff.
Approximately two years later, the defendant moved, inter alia, to modify the QDRO on the ground that it was inconsistent with the provisions of the separation agreement. The plaintiff opposed the motion and cross-moved, inter alia, to hold the defendant in contempt, for an award of attorneys' fees and costs, for an order directing the defendant to obtain a life insurance policy on his life for her benefit, and for pension arrears from the date of the defendant's retirement until the date that the QDRO was issued.
The Supreme Court granted the defendant's motion to the extent that he was directed to submit a proposed amended QDRO "in strict compliance with the Separation Agreement and this Decision and Order." The court denied those branches of the plaintiff's cross motion which were to hold the defendant in contempt, award the plaintiff attorneys' fees and costs, direct the defendant to obtain a life insurance policy on his life for the benefit of the plaintiff, and award the plaintiff pension arrears. The plaintiff appeals.
A qualified domestic relations order can convey only those rights to which the parties agreed to as a basis for the judgment (see McCoy v Feinman, 99 NY2d 295, 304). If a qualified domestic relations order is inconsistent with the provisions of a separation agreement or judgment of divorce, "courts possess the authority to amend the QDRO to accurately reflect the provisions of the stipulation pertaining to the pension benefits'" (Kraus v Kraus, 131 AD3d 94, 100, quoting Berardi v Berardi, 54 AD3d 982, 986). "A separation agreement is a contract subject to the principles of contract construction and interpretation" (Schaff v Schaff, 172 AD3d 1421, 1423). "When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Matter of Block-Iaconetti v Iaconetti, 176 AD3d 1051, 1054 [internal quotation marks omitted]).
Contrary to the defendant's contention, the language of the separation agreement stating that the plaintiff's share of the defendant's pension shall be determined "as of [May 26, 2005]" does not mean that the date of the separation agreement must be deemed a "hypothetical retirement date" for purposes of calculating the plaintiff's retirement allowance (Smith v Smith, 59 AD3d 905, 907). The language of the separation agreement was sufficient to authorize the use of a standard Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481; see also Palaia v Palaia, 158 AD3d 719, 721-722).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to modify the QDRO.
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court