Pinto v Pinto (2022 NY Slip Op 05728)

Pinto v Pinto

2022 NY Slip Op 05728

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-02701
 (Index No. 12825/11)

[*1]Edward Pinto, appellant, 
v
Karen Pinto, respondent.

Frederic C. Foster, P.C., Westhampton, NY, for appellant.
Darla A. Filiberto, Hauppauge, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered February 17, 2012, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John Iliou, J.), dated December 12, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, to direct the defendant to reimburse the plaintiff for the repayment of one-half of the total amount of the student loans incurred for the payment of the college costs and expenses for the parties' children.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties to this matrimonial action, in which a judgment of divorce was entered in 2012, have two children born of the marriage. In 2011, after the parties' older child began attending college, and two years before their younger child began attending college, the parties entered into a stipulation of settlement (hereinafter the stipulation) that was incorporated, but not merged, into the judgment of divorce. In a section entitled "College Expenses," the stipulation recited that it was the parties' intention that the children would attend college, and provided that the children, with both parties' cooperation, would apply for "merit and need based financial aid" to cover the cost of attending college. The stipulation further provided that, "should there be necessary costs and expenses once financial aid, merit aid and scholarships are exhausted[,] the parties shall consult and try to reach an agreement on payment of these cost[s] and expenses at the time those cost[s] and expenses arise. If the parties cannot agree they can address the issue in a Court of competent jurisdiction."
In 2019, the plaintiff moved, inter alia, in effect, to direct the defendant to reimburse the plaintiff for the repayment of one-half of the total amount of the student loans incurred for the payment of the college costs and expenses for the parties' children, based on the above-quoted provision of the stipulation. In support of his motion, the plaintiff submitted his affidavit in which he stated that, when each of the parties' children started college, "grants and/or financial aid" were not sufficient to cover their expenses, and thus "there was a necessity to obtain loans," which totaled approximately $155,000. The plaintiff's affidavit did not indicate the identity of the obligor on those loans, and did not include any information as to whether any portion of those loans had been repaid or, if so, when or by whom. The plaintiff further averred that he spoke with the defendant about her contributing to the cost of the children's education on at least two occasions while the children were attending college, and the defendant deferred discussion of the matter to a later time. In opposition [*2]to the plaintiff's motion, the defendant averred that the parties consulted with each other on the issue of the children's college expenses, that they agreed that the plaintiff would pay those expenses, and that the plaintiff did so. In an order dated December 12, 2019, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was, in effect, to direct the defendant to reimburse the plaintiff. The plaintiff appeals.
"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Matter of D'Sa v D'Sa, 182 AD3d 535, 536 [internal quotation marks omitted]; see Frances v Frances, 140 AD3d 1114, 1115). "A court may not write into a contract conditions the parties did not insert by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (Cohen-Davidson v Davidson, 291 AD2d 474, 475).
Here, the provision of the stipulation upon which the plaintiff relied in seeking reimbursement from the defendant required only that "the parties shall consult and try to reach an agreement on payment of [the children's college-related] cost[s] and expenses." This provision did not identify an amount or percentage of such costs or expenses to be paid by either party, and did not impose an obligation upon either party to make any such payment. Rather, "a material term [was] left for future negotiations" (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109). Thus, the subject provision constituted "a mere agreement to agree," and, as such, was unenforceable (id. at 109; see Silverman v Silverman, 249 AD2d 378, 379; Flanel v Flanel, 152 AD2d 536).
While the plaintiff points out that the subject provision of the stipulation went on to state that "[i]f the parties cannot agree they can address the issue in a Court of competent jurisdiction," the sole basis for relief identified by the plaintiff in support of that branch of his motion which sought reimbursement from the defendant was the subject provision of the stipulation. Since, as noted above, that provision did not create any enforceable contractual right, there was no available relief to be granted by a court of competent jurisdiction. Even if, in support of his motion, the plaintiff had invoked Domestic Relations Law § 240(1-b)(c)(7), which authorizes an award of post-secondary educational expenses as part of an order of child support, that statutory provision applies only where a court determines that the "present or future" provision of post-secondary education for the child is appropriate (id.), and thus the plaintiff would not have been entitled to such an award under the circumstances of this case.
Contrary to the plaintiff's further contention, a different result is not required by Bungart v Bungart (107 AD3d 751), in which this Court held that, "in the absence of a clear and unambiguous provision to the contrary in the stipulation of settlement concerning the matter, in determining the parents' respective obligations towards the cost of college, a court should not take into account any college loans for which the student is responsible" (id. at 752 [internal quotation marks omitted]; see also e.g. Matter of Korosh v Korosh, 99 AD3d 909, 910-911; Matter of Yorke v Yorke, 83 AD3d 951, 952). The plaintiff argues that, based on prior case law, the defendant should be required to contribute to the children's college-related expenses, notwithstanding the fact that, after financial aid, merit aid, and scholarships were exhausted, the remaining expenses were apparently covered by obtaining student loans. In the cases relied on by the plaintiff, however, the party who was required to contribute to college-related costs even after those costs had been paid with the proceeds of student loans was subject to a clear obligation, set forth in a stipulation of settlement or a court order, to pay a certain amount or percentage of the subject expenses. In this case, by contrast, we have determined that no obligation to contribute to the children's college expenses arose from the stipulation in the first instance. Thus, even though the fact that educational expenses have been covered by student loan proceeds is no impediment to recovering such expenses from a parent who has agreed, or has been ordered, to pay them, the defendant in this case had no such obligation to pay, and the plaintiff is, therefore, not entitled to the relief he seeks.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, to direct the defendant to reimburse the plaintiff for the repayment of one-half of the total amount of the student loans incurred for the payment of the college costs and expenses [*3]for the parties' children.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court