Shkreli v Shkreli (2023 NY Slip Op 01111)

Shkreli v Shkreli

2023 NY Slip Op 01111

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-03138
 (Index No. 825/05)

[*1]Pat Pashka Shkreli, respondent, 
v
John Shkreli, appellant.

Maria C. Corrao, Hawthorne, NY, for appellant.
Fredman Baken & Novenstern, LLP, White Plains, NY (R. Christopher Owen of counsel), for respondent.

DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Putnam County (Gina C. Capone, J.), dated January 28, 2020. The order, insofar as appealed from, (1) denied that branch of the defendant's motion which was for leave to renew that branch of his prior motion which was for reimbursement of overpayments made to the plaintiff from the defendant's pension, which had been denied in an order of the same court (Janet C. Malone, J.) dated December 6, 2018, and (2) denied the defendant's motion for leave to reargue his opposition to those branches of the plaintiff's cross-motion which were, in effect, to direct the defendant to designate the plaintiff as the owner of a term insurance policy on the defendant's life and to increase the pension payments the plaintiff received to account for taxes payable on insurance premiums, which had been granted in an order of the same court (Thomas R. Zugibe, J.) dated November 12, 2019.
ORDERED that the appeal from so much of the order dated January 28, 2020, as denied the defendant's motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 28, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that the one bill of costs is awarded to the plaintiff.
Much of the factual background of this appeal is set forth in this Court's decision and order on a prior appeal (see Shkreli v Shkreli, 186 AD3d 638). In that prior decision and order, this Court modified an order dated December 6, 2018, by deleting the provision thereof granting that branch of the defendant's motion which was to modify a qualified domestic relations order (hereinafter the QDRO), and substituting therefor a provision denying that branch of the motion (see id. at 638-639). In making that motion, the defendant argued that the QDRO improperly used the Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481) to determine the plaintiff's share of the defendant's pension, which was inconsistent with the parties' separation agreement. This Court, however, found that the "language of the separation agreement was sufficient to authorize the use of a standard Majauskas formula" (Shkreli v Shkreli, 186 AD3d at 640). The order dated December 6, 2018, also denied that branch of the defendant's motion which was for reimbursement [*2]of overpayments made to the plaintiff from the defendant's pension based upon a report by actuary Robert Guarnera that computed the plaintiff's entitlement to the defendant's pension benefits using a method that was not the standard Majauskas formula. That branch of the defendant's motion was not at issue on the prior appeal.
While the prior appeal was pending before this Court, Lexington Pension Consultants, Inc. (hereinafter Lexington), a neutral financial evaluator appointed by the Supreme Court, issued a report computing the plaintiff's monthly accrued benefit to the defendant's pension using a method of evaluation that was not the standard Majauskas formula. The Lexington report was similar to the report by Guarnera that the defendant had submitted with his original motion, inter alia, for reimbursement of overpayments made to the plaintiff from the defendant's pension. Neither report used the standard Majauskas formula and instead evaluated the plaintiff's entitlement to the defendant's pension benefits as if the defendant had retired when the parties entered into their separation agreement in May 2005, even though the defendant actually retired in 2015. In November 2019, the defendant moved, inter alia, for leave to renew that branch of his prior motion which was for reimbursement of overpayments made to the plaintiff from the defendant's pension, contending that the Lexington report constituted new facts that would change the prior determination.
In December 2019, the defendant separately moved for leave to reargue his opposition to those branches of the plaintiff's cross-motion which were, in effect, to direct the defendant to designate the plaintiff as the owner of a term insurance policy on the defendant's life and to increase the pension payments the plaintiff received to account for taxes payable on insurance premiums. Those branches of the plaintiff's cross-motion had been granted in an order dated November 12, 2019.
In an order dated January 28, 2020, the Supreme Court, inter alia, denied that branch of the defendant's motion which was for leave to renew that branch of his prior motion which was for reimbursement of overpayments made to the plaintiff from the defendant's pension, and denied the defendant's separate motion for leave to reargue. The defendant appeals.
"A motion for leave to renew shall be based on new facts not offered on the original motion that would change the prior determination, and shall contain a reasonable justification for the failure to present the new facts on the original motion" (Mooklal v Clermont Farm Corp., 187 AD3d 740, 741; see CPLR 2221[e][2], [3]). Here, the Lexington report did not offer new facts not offered on the defendant's original motion. Instead, the Lexington report made the same conclusion, based on the same evaluation method, as the report that the defendant had submitted with his original motion. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew that branch of his prior motion which was for reimbursement of overpayments made to the plaintiff from the defendant's pension. In any event, this Court's determination that the language in the parties' separation agreement authorizes the standard Majauskas formula renders academic that branch of the defendant's prior motion seeking relief based on an analysis not using the Majauskas formula (see Matter of Colon v Annucci, 151 AD3d 1061, 1062).
The appeal from so much of the order dated January 28, 2020, as denied the defendant's motion for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Halvatzis v Perrone, 199 AD3d 787, 788; Deutsche Bank Natl. Trust Co. v Spanos, 180 AD3d 997, 998).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court