Palau v Palau (2023 NY Slip Op 04437)

Palau v Palau

2023 NY Slip Op 04437

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2020-02836
 (Index No. 50965/17)

[*1]Joseph Palau, appellant, 
v
Judith Palau, respondent.

Law Office of Kelley M. Enderley, P.C., Poughkeepsie, NY, for appellant.
Larkin Ingrassia, LLP, Newburgh, NY (William J. Larkin III of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Dutchess County (Denise M. Watson, J.), dated March 3, 2020. The judgment of divorce, inter alia, upon a decision of the same court dated November 4, 2019, made after a nonjury trial, (1) directed the defendant to pay child support in the sum of $855.08 biweekly, (2) directed the plaintiff's attorney to prepare the necessary documents for the transfer of title to the marital residence at the plaintiff's sole cost, and (3) directed the plaintiff to pay the defendant as her marital share of the plaintiff's pension the sum of $901.87 per month, until a Qualified Domestic Relations Order went into effect.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married on August 7, 1998, and have two children. In April 2017, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a stipulation of settlement on the record on April 24, 2019, resolving issues of child custody and parental access, and a second stipulation of settlement on the record on April 25, 2019, resolving issues of maintenance, child support, the marital residence, and college contribution. By decision dated November 4, 2019, made after a nonjury trial, the Supreme Court determined the remaining issues between the parties. A judgment of divorce dated March 3, 2020, was entered. The judgment, among other things, incorporated, but did not merge, the stipulations of settlement. The plaintiff appeals.
"A stipulation of settlement that has been incorporated but not merged into a [*2]judgment of divorce is a contract subject to principles of contract construction and interpretation" (Murphy v Murphy, 120 AD3d 1319, 1320; see McPhillips v McPhillips, 165 AD3d 917, 919). "Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used" (Ayers v Ayers, 92 AD3d 623, 624; see Berlin v Berlin, 192 AD3d 856, 857). "A court may not write into a contract conditions the parties did not insert or, under the guise of construction, add or excise terms, and it may not construe the language in such a way as would distort the apparent meaning" (Ayers v Ayers, 92 AD3d at 624; see Kirk v Kirk, 207 AD3d 708, 711).
Here, the plaintiff failed to demonstrate that the Supreme Court adopted provisions in the judgment of divorce that distorted the apparent meaning of the stipulations of settlement (see Pinto v Pinto, 209 AD3d 778, 780; Matter of Gucker v Gucker, 174 AD3d 710, 711).
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court