Anderson v Anderson (2023 NY Slip Op 06108)

Anderson v Anderson

2023 NY Slip Op 06108

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-02123
 (Index No. 3360/02)

[*1]Margaret P. Anderson, respondent, 
v
John J. Anderson, appellant.

John J. Anderson, Vero Beach, Florida, appellant pro se.
Corbally Gartland and Rappleyea LLP, Poughkeepsie, NY (Rena M. O'Connor of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 12, 2005, the defendant appeals from an order of the Supreme Court, Dutchess County (Tracy C. MacKenzie, J.), dated February 3, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to conform the parties' stipulation of settlement to the judgment of divorce and for the issuance of a proposed amended domestic relations order providing for immediate and retroactive distributions of a marital share of the defendant's pension benefits to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to conform the parties' stipulation of settlement to the judgment of divorce and for the issuance of a proposed amended domestic relations order providing for immediate and retroactive distributions of a marital share of the defendant's pension benefits to the plaintiff are denied, and the matter is remitted to the Supreme Court, Dutchess County, for entry of an amended domestic relations order in accordance herewith.
In July 2002, the plaintiff commenced this action for divorce. On February 1, 2005, the parties entered into an oral stipulation of settlement in open court, which provided, inter alia, that the defendant was presently receiving disability benefits under his pension plan, but that "there will come a time that he will be entitled to retirement benefits, and, at that time, which will be at age sixty two, he will divide the marital share of the pension with his wife equally." The stipulation of settlement was incorporated but not merged into the parties' judgment of divorce dated July 12, 2005. A domestic relations order (hereinafter DRO) dated November 1, 2005, similarly provided that the plaintiff would receive a marital share of the defendant's retirement benefits "at such time as [he] has retired and is actually receiving a regular service retirement allowance."
In 2017, the parties learned that the original DRO could not be implemented by the defendant's pension plan, because the defendant had retired on a disability pension in 2001, and that the defendant's disability pension would not be replaced by a regular service retirement pension when he reached age 62. In 2019, the defendant submitted a proposed amended DRO with notice of settlement, providing for distribution of a marital share of the defendant's pension benefits to the plaintiff, commencing on his 62nd birthday. The plaintiff opposed the entry of the proposed DRO [*2]submitted by the defendant and moved: (1) to vacate the original DRO; (2) for interpretation and resolution of an ambiguity in the stipulation of settlement by conforming the stipulation of settlement to the judgment of divorce, or alternatively, to reform the stipulation of settlement; and (3) for issuance of an amended DRO providing for retroactive distribution of the plaintiff's share of the defendant's pension benefits. In an order dated February 3, 2021, the Supreme Court granted the plaintiff's motion to the extent that it concluded that there was an "ambiguity between the parties' oral Stipulation of Settlement and the Judgment of Divorce," that the parties had been mistaken as to the status of the defendant's pension, but their intent for the plaintiff to receive her "full marital portion of Defendant's retirement benefits upon Defendant's receipt of same" was clear, and that the plaintiff's proposed amended DRO should be issued. The defendant appeals.
"A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Gluck v Gluck, 205 AD3d 1006, 1007 [internal quotation marks omitted]; see Kirk v Kirk, 207 AD3d 708, 711; Levi-Marchessault v Marchessault, 162 AD3d 650, 651). In interpreting a stipulation of settlement, "the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Matter of Schiano v Hirsch, 22 AD3d 502, 503). In interpreting a stipulation of settlement, "the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (id. at 502; see Kirk v Kirk, 207 AD3d at 711; Shkreli v Shkreli, 186 AD3d 638, 639). A court may not rewrite an agreement "by adding or excising terms under the guise of construction, and it may not construe the language in such a way as would distort the contract's apparent meaning" (Kirk v Kirk, 207 AD3d at 711 [internal quotation marks omitted]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475; McPhillips v McPhillips, 165 AD3d 917, 919). "'Moreover, a court cannot reform an agreement to conform to what it thinks is proper, if the parties have not assented to such a reformation'" (Tamburello v Tamburello, 113 AD3d 752, 753, quoting Cohen-Davidson v Davidson, 291 AD2d 474, 475; see Cappello v Cappello, 286 AD2d 360, 361).
Here, the Supreme Court should have rejected the plaintiff's contention that the stipulation of settlement was ambiguous. The interpretation of the stipulation advanced by the plaintiff would render meaningless the terms of the stipulation providing that distribution of pension benefits to the plaintiff would commence in the future, when the defendant reached the age of 62 (see Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46; Rhoda v Rhoda, 175 AD3d 1572, 1573). Inasmuch as the language of the stipulation disclosed the parties' intent to defer the plaintiff's pension distribution until the defendant reached age 62, at a time he would have been eligible for regular service retirement benefits, and is not subject to more than one reasonable interpretation, the agreement is not ambiguous (see Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680).
Further, to the extent that the Supreme Court determined that the stipulation of settlement was affected by a mutual mistake, reformation was not appropriate. A motion is not the proper vehicle for challenging a separation agreement incorporated but not merged into a judgment of divorce. Rather, the plaintiff was required to commence a plenary action to reform the stipulation (see Spataro v Spataro, 268 AD2d 467, 468; Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726; Lambert v Lambert, 142 AD2d 557, 558). In any event, reformation of the stipulation was unwarranted, as the parties' mistake regarding the category of benefits the defendant would receive did not "involve a fundamental assumption of the contract" (People v Perretta, 187 AD3d 1076, 1077 [internal quotation marks omitted]; see Simkin v Blank, 19 NY3d 46, 53; Hackett v Hackett, 115 AD3d 800, 803).
The defendant's remaining contentions either are without merit or need not be addressed in light of our determination.
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court