D.S. v S.S. (2024 NY Slip Op 50710(U))

[*1]

D.S. v S.S.

2024 NY Slip Op 50710(U)

Decided on June 5, 2024

Supreme Court, Westchester County

Ondrovic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2024
Supreme Court, Westchester County

D.S., Plaintiff,

against
S.S., Defendant.

Index No. 14291/2008

Joseph D. DePalma, Esq.
Attorney for plaintiff
VIA NYSCEF
Keith M. Brown, Esq.
Attorney for defendant

Robert S. Ondrovic, J.

In a matrimonial action in which the parties were divorced by judgment dated November 14, 2011 (JOD), the plaintiff moves for leave to reargue "to no longer deduct student loans from the calculation of 'college expenses' as such term is used in the parties' [JOD]," and to hold the defendant in contempt for failing to file a Qualified Domestic Relations Order (QDRO). The following papers were considered in connection with the plaintiff's motion:
PAPERS NUMBERED
Order to Show Cause, Memorandum of 1—7
Law in Support, Affirmation, Exhibits A—D
Affirmation in Opposition, Exhibits A—E 8—13
Discussion
By decision and order after hearing dated February 14, 2024, the Court held, in relevant part, that the plaintiff failed to meet her burden of demonstrating that the defendant should be held in contempt for disobeying the provision in the JOD related to the payment of the children's college expenses (hereinafter the February 14 D&O). After finding that "[t]he record is bereft of any evidence that the parties' obligations under the JOD to contribute toward the children's college expenses was ever triggered," the Court noted, among other things, "there is no language in the JOD requiring the defendant to pay for any student loans for which the children are [*2]responsible."[FN1]

The Court also declined to address that branch of the plaintiff's motion which was to hold the defendant in contempt for failing to comply with the provision of the JOD ordering that the marital portion of the defendant's IRA and 401(K) be divided equally between the parties pursuant to a QDRO. The Court emphasized that, "[t]he plaintiff sought this exact relief in the 2013 OTSC and that entire motion was denied in the September 2015 Order 'with prejudice' on the ground that "it is contrary to the Decision/Order dated October 15, 2010 (Tolbert, J.). There is no indication in the record that the plaintiff filed an appeal from the September 2015 Order, and this Court, as a court of coordinate jurisdiction, is bound by that determination (see Edelstein v Edelstein, 206 AD3d 969, 970 [2d Dept. 2022])."[FN2]

The plaintiff now moves for leave to reargue. In a memorandum of law, the plaintiff argued that the Court misapprehended the holding in Bungart v Bungart, (107 AD3d 751, 752 [2d Dept. 2013]), when it purportedly "improperly deducted $26,744 from the college expenses incurred by the parties' daughter as well as the loans that the parties' son will be required to take on in the future."[FN3]
The plaintiff also asserted that in declining to address that branch of her motion related to the filing of a QDRO, the Court overlooked that the 2013 OTSC sought different relief from that sought in the subject motion. According to the plaintiff, the 2013 OTSC did not seek a finding of contempt against the defendant.
In an affirmation in opposition, the defendant's attorney contended that the "[p]laintiff's argument regarding the application of the student loans is irrelevant" in light of the Court's determination that there was no proof demonstrating that the defendant's obligation to contribute toward college expenses was ever triggered. The defendant's attorney further argued that the 2013 OTSC unequivocally sought to hold the defendant in contempt and "[t]here is nothing different about the two (2) separate applications."[FN4]

Analysis
"A motion for leave to reargue is directed to the trial court's discretion and, to warrant reargument, the moving party must demonstrate that the court overlooked or misapprehended the relevant facts or misapplied a controlling principle of law" (Robinson v Viani, 140 AD3d 845, 847 [2d Dept. 2016]; see CPLR 2221[d]).
The plaintiff's motion for leave to reargue is granted and, upon reargument, the Court adheres to the original determination. The plaintiff is correct that Bungart and the cases cited therein stand for the proposition that it is error to deduct any student loans for which a child is responsible from the college expenses toward which the parents are required to contribute in the absence of a clear and unambiguous provision expressly authorizing the deduction. Any suggestion to the contrary in the February 14 D&O is incorrect.
Nevertheless, contrary to the plaintiff's contention, there was no misapplication of the law since the Court did not deduct the amount of any student loans from the children's college expenses prior to making any determination regarding the parties' pro rata shares of those costs. Rather, as set forth in the February 14 D&O, the Court denied that branch of the plaintiff's [*3]motion which was to hold the defendant in contempt for disobeying the provision in the JOD related to the payment of the children's college expenses on the ground that there was no evidence in the record demonstrating that the parties' obligations to contribute toward those costs was ever triggered.
More specifically, the JOD provided, in relevant part, that "the parties shall be responsible for the college expenses of the children, limited to a State University of New York cap in proportionate share of their combined parental income and the aforementioned '529' accounts as well as any other accounts created by the parties or others for the benefit of the children shall be first used."[FN5]
In this case, "[t]he plaintiff submitted no evidence that the daughter's college savings account was depleted, when that account was allegedly depleted, and the amount of any payments made by the plaintiff from personal funds toward the daughter's reimbursable expenses to justify an order directing the defendant to pay his pro rata share of the parties' combined income up to the SUNY cap."[FN6]
Furthermore, the Court highlighted that "no evidence was presented at the hearing setting forth the parties' respective incomes during the period the daughter attended NC State, and when the son began college in 2022" upon which to even base a calculation. Moreover, the Court explicitly stated that "no basis exists to issue an order with respect to the son's future college expenses when those costs are unknown."[FN7]

In addition, contrary to the plaintiff's contention, the Court did not misapprehend the nature of the relief sought in the 2013 OTSC in denying that branch of the plaintiff's motion which was to hold the defendant in contempt for failing to comply with the provision of the JOD ordering that the marital portion of the defendant's IRA and 401(K) be divided equally between the parties pursuant to a QDRO.
The 2013 OTSC, on its face, contained the statutorily required warnings to punish for contempt and sought to hold the defendant in contempt for his alleged willful refusal to comply with the JOD, to fine and/or imprison the defendant for his contempt, and an order directing his compliance. The plaintiff's affidavit submitted in support of the 2013 OTSC lists the various provisions of the JOD that the defendant allegedly violated, including the provision ordering that the marital portion of the defendant's IRA and 401(K) be divided equally between the parties pursuant to a QDRO. In that affidavit, the plaintiff asserted that the defendant "failed to have these monies divided, depriving [her] of $42,741.97" and requested that the defendant "be ordered to have the QDRO[ ] prepared and submitted immediately" and "that Defendant be found in contempt of Court."[FN8]

As noted in the February 14 D&O, "the entire motion [the 2013 OTSC] was denied in the September 2015 Order 'with prejudice' on the ground that "it is contrary to the Decision/Order dated October 15, 2010 (Tolbert, J.)."[FN9]
In the subject motion, the plaintiff, once again, sought to hold the defendant in contempt alleging that he violated various provisions of the JOD, including the provision related to the filing of a QDRO and requested an order directing the defendant to pay her $42,741.97, representing a one-half share of the defendant's IRA and 401(K). Thus, the [*4]plaintiff's assertion that the 2013 OTSC sought different relief from that sought in the subject motion is disingenuous.
Based on the foregoing, no basis exists to disturb the Court's original determination.
Accordingly, it is,
ORDERED that the plaintiff's motion for leave to reargue is granted and, upon reargument, the Court adheres to the original determination set forth in the decision and order after hearing dated February 14, 2024; and it is further,
ORDERED that all other relief requested and not decided herein is denied.
Dated: June 5, 2024
White Plains, NY
HON. ROBERT S. ONDROVIC, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc No 322 at 8-9 

Footnote 2:id at 7

Footnote 3:NYSCEF Doc. No. 332 at 5-6 

Footnote 4:NYSCEF Doc. No. 342 at 5

Footnote 5:NYSCEF Doc. No. 334 at 7

Footnote 6:NYSCEF Doc. No. 322 at 8-9 

Footnote 7:id. at 9

Footnote 8:NYSCEF Doc. No. 337 at 9, 11

Footnote 9:NYSCEF Doc. No. 322 at 7