Maritzen v Maritzen (2025 NY Slip Op 00316)

Maritzen v Maritzen

2025 NY Slip Op 00316

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-05695
 (Index No. 58957/21)

[*1]Mark Maritzen, respondent, 
v
Rachelle Maritzen, appellant.

Michael Moscarello, New York, NY, for appellant.
Carton & Rosiff P.C., White Plains, NY (Robin D. Carton of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Robert Ondrovic, J.), dated April 20, 2023. The order denied the defendant's motion to compel the disclosure of information concerning any consideration that the plaintiff received in connection with certain marital property consisting of unvested restricted stock units that had been granted to the plaintiff by his former employer, in effect, to enforce the provisions of a stipulation of settlement dated August 22, 2022, pertaining to the equitable distribution of that marital property, and for an award of fees, costs, and expenses associated with the defendant's motion.
ORDERED that the order is reversed, on the law, with costs, those branches of the defendant's motion which were to compel the disclosure of information concerning any consideration that the plaintiff received in connection with certain marital property consisting of unvested restricted stock units that had been granted to the plaintiff by his former employer and, in effect, to enforce the provisions of the stipulation of settlement dated August 22, 2022, pertaining to the equitable distribution of that marital property are granted, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of that branch of the defendant's motion which was for an award of fees, costs, and expenses associated with her motion and for further proceedings consistent herewith.
The parties were divorced by a judgment of divorce dated October 20, 2022, which incorporated but did not merge a stipulation of settlement dated August 22, 2022. The stipulation of settlement provided, among other things, that the plaintiff had been granted certain restricted stock units (hereinafter RSUs) by his former employer that were "attributable to the marriage" although held by the plaintiff's former employer. Pursuant to the stipulation of settlement, the defendant was entitled to certain percentages of the RSUs pursuant to a schedule set forth therein.
Before certain of the RSUs vested, the plaintiff chose to leave his employment. In March 2023, the defendant moved (1) to compel the disclosure of information concerning any consideration, including any funds or equity, that the plaintiff received in connection with the RSUs, (2), in effect, to enforce the provisions of the stipulation of settlement pertaining to the equitable distribution of the RSUs such that any consideration received by the plaintiff in connection with the [*2]RSUs be distributed as marital property pursuant to the terms of the stipulation of settlement, and (3) for an award of fees, costs, and expenses associated with the defendant's motion. In an order dated April 20, 2023, the Supreme Court denied the motion. The defendant appeals.
The Supreme Court should have granted that branch of the defendant's motion which was to compel the disclosure of information concerning any consideration that the plaintiff received in connection with the RSUs. "[P]arties to a divorce action are entitled to liberal and broad discovery from one another" (Culen v Culen, 157 AD3d 930, 933). The stipulation of settlement provides, in relevant part, that the plaintiff shall provide the defendant with "copies of all documentation and information regarding the RSUs." As such, the plaintiff should have complied with the defendant's request to produce discovery related to any cash or equity consideration that he received in connection with the RSUs.
Moreover, contrary to the determination of the Supreme Court, any consideration received by the plaintiff in connection with the RSUs was subject to the equitable distribution provisions set forth in the stipulation of settlement. "A stipulation of settlement that has been incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Palau v Palau, 219 AD3d 919, 919 [internal quotation marks omitted]; see Pinto v Pinto, 209 AD3d 778, 780). "In interpreting a stipulation of settlement, 'the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized'" (Anderson v Anderson, 221 AD3d 941, 942, quoting Matter of Schiano v Hirsch, 22 AD3d 502, 503; see Sabau v Sabau, 222 AD3d 1017, 1019). "Implicit in every contract is an implied covenant of good faith and fair dealing" (Cruz v Cruz, 213 AD3d 805, 807 [internal quotation marks omitted]). "This covenant encompasses any promises which a reasonable person in the position of the promisee would be justified in understanding were included" (id. [internal quotation marks omitted]).
Here, the RSUs are marital property since they "represent[ ] in essence a form of deferred compensation derived from a spouse's employment and contemplated to be enjoyed by both spouses at a future date" pursuant to the stipulation of settlement (Damiano v Damiano, 94 AD2d 132, 137). Notably, the stipulation of settlement indicates that the RSUs are marital property subject to equitable distribution. Contrary to the plaintiff's contention, the stipulation of settlement does not require that the RSUs must vest in order to become marital property. The RSUs were marital property divided pursuant to the stipulation of settlement, even though the potential value of the RSUs was contingent upon the plaintiff's employment (see Stempler v Stempler, 143 AD2d 410, 412; Damiano v Damiano, 94 AD2d at 139). A fair interpretation of the stipulation of settlement requires that any consideration realized by the plaintiff in connection with the RSUs would be equitably distributed as marital property pursuant to the stipulation of settlement (see Anderson v Anderson, 221 AD3d at 943; Noble v Noble, 43 AD3d 893, 894).
Accordingly, we reverse the order, grant those branches of the defendant's motion which were to compel the disclosure of information concerning any consideration that the plaintiff received in connection with the RSUs and, in effect, to enforce the provisions of the stipulation of settlement pertaining to the equitable distribution of the RSUs, and remit the matter to the Supreme Court, Westchester County, for a new determination of that branch of the defendant's motion which was for an award of fees, costs, and expenses associated with her motion and for further proceedings regarding the equitable distribution of any consideration realized by the plaintiff in connection with the RSUs, if necessary.
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court